# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| **CHASEN M. RUSSELL, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **COLLECTIVE AND CLASS ACTION** |
| **AFFINITY GAMING, A NEVADA CORPORATION, and HGI - ST. JO, LLC d/b/a ST. JO FRONTIER CASINO,** | <u>**JURY TRIAL REQUESTED**</u> |
| **Defendants.** | |

## COMPLAINT

Plaintiff Chasen M. Russell ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint against Defendants Affinity Gaming, A Nevada Corporation ("Affinity") and HGI - St. Jo, LLC d/b/a St. Jo Frontier Casino ("HGI") (collectively "Defendants"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and all other similarly situated employees work or worked for Defendant Affinity, a casino entertainment company.  Plaintiff worked at Defendant HGI, a casino owned and operated by Affinity.  Plaintiff was jointly employed by both Defendants Affinity and HGI.

2.      Pursuant to their company-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated federal and/or state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.      In particular, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time worked, including overtime hours.  In addition, Defendants failed

1

to properly inform their tipped employees of the required tip credit provisions. Defendants' systemic violations of federal and state wage laws were willful.

4.      Plaintiff, individually and on behalf of all others similarly situated, bring this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500, *et seq*.

5.      Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9.      Plaintiff is a resident of the State of Missouri.

10. From approximately February 2013 through November 2015, Plaintiff was employed by Defendants at Defendants' casino located at 777 Winners Circle, St. Joseph, Missouri 64505. During his employment, Plaintiff worked as a Table Games Dealer.

11. Defendant Affinity is a corporation organized under the laws of the State of Nevada, with its principal place of business located in the State of Nevada. Affinity is registered to do business and does conduct business in the State of Missouri. Affinity owns and operates HGI.

12. Defendant HGI is a limited liability company organized under the laws of the State of Nevada. HGI is registered to do business and does conduct business in the State of Missouri. HGI is owned, operated, and controlled by Affinity.

13. In Affinity's Form 10-K, filed on March 23, 2016, the Exhibit 21.1 (incorporated by reference from Exhibit 21.1 to Affinity's Annual Report on Form 10-K (File No. 000-54085) dated April 1, 2013) lists HGI as a subsidiary of Affinity.

14. At all relevant times, Defendants were the employer and/or joint employer of Plaintiff, and all other similarly situated employees:

    a. Defendants had the power to hire and fire Plaintiff and all other similarly situated employees;

    b. Defendants supervised and controlled the work schedules and conditions of employment of Plaintiff and all other similarly situated employees;

    c. Defendants determined the rate and method of payment for Plaintiff and all other similarly situated employees; and

    d. Defendants maintained employment records (including time clock records) for Plaintiff and all other similarly situated employees.

15.     At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**GENERAL ALLEGATIONS**

16.     Plaintiff re-alleges the allegations set forth above.

17.     According to Affinity's Form 10-K, filed on March 23, 2016, "We are a Nevada corporation, headquartered in Las Vegas, which owns and operates 11 casinos in four states – five in Nevada, three in Colorado, two in Missouri and one in Iowa."

18.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendants at their casino properties within the respective limitations periods.

**Unlawful Rounding Violations**

19.     Plaintiff re-alleges the allegations set forth above.

20.     Defendants utilize a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

21.     Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds to the closest 15-minute interval.

22.     For example, an employee who clocks in between 7:53 a.m. and 8:07 a.m. will be treated by Defendants' payroll computations as having clocked in at 8:00 a.m.

23.     Defendants utilize the same rounding system for clock outs.

24.     For example, an employee who clocks out between 5:08 p.m. and 5:22 p.m. will be treated by Defendants' payroll computations as having clocked out at 5:15 p.m.

4

25.     Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out.

26.     However, Defendants utilize an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendants' rounding system into a system that is substantially rigged in Defendants' favor.

27.     Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are required to clock in and commence work approximately 5 minutes before the start of their shift.

28.     Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

29.     Pursuant to Defendants' policies, Plaintiff and all similarly situated employees may only clock out when authorized by their supervisor.

30.     As a result of Defendants' policies, Plaintiff and all similarly situated employees typically clock in and begin working 5 minutes prior to the start of their shift.

31.     As a result of Defendants' policies, Plaintiff and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

32.     Per Defendants' rounding system, none of the pre-shift work (up to 5 minutes per day) is paid as Defendants round this time to the next 15-minute interval, the employees' official start time.

33.     Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their attendance and/or disciplinary

5

policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendants pay their employees.

34.     Moreover, Plaintiff and all similarly situated employees, at the end of the day, are required to clock out no more than 5 minutes after the end of their shift.

35.     Plaintiff and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 5 minutes thereafter.

36.     Accordingly, at the end of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendants pay their employees.

37.     In sum, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all the time they have actually worked, including overtime wages.

38.     Defendants have no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendants have complete knowledge of all hours worked by Plaintiff and all similarly situated employees.

39.     Defendants' failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA, the MMWL, and Missouri common law.

40.     Plaintiff and all similarly situated employees, in conformance with Defendants' clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

6

41.     Throughout Plaintiff's employment, he was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendants did not pay him for all hours worked due to their time-clock rounding policy, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25/hour) and the requisite Missouri state minimum wage. Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours he actually worked resulted in an amount less than the statutory requirement, Defendants violated the minimum wage requirements.

42.     During those workweeks and others, Defendants' time-clock rounding policy caused Plaintiff and all similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

### Entitlement to the Tip Credit

43.     As discussed above, an employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

44.     The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages

7

of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

45. Defendants employ Plaintiff and other similarly situated tipped employees by paying a sub-minimum direct hourly wage but failed to properly notify them of the tip credit requirements of the FLSA.

46. Specifically, Plaintiff and other similarly situated tipped employees are not informed, in advance of Defendants' use of the tip credit, of: (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

47. As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

48. Plaintiff re-alleges the allegations set forth above.

8

49.     Plaintiff brings Count I, the FLSA claim arising out of Defendants' unlawful time-clock rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

> a.      FLSA Time-Clock Rounding Collective: All persons currently and formerly employed by Defendants in hourly positions who worked at any time from three (3) years prior to the filing of the initial Complaint to the present within the United States.

50.     Plaintiff brings Count II, the FLSA claim arising out of Defendants' tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

> a.      FLSA Unlawful Tip Credit Collective: All persons currently and formerly employed by Defendants in hourly positions paid a direct hourly wage that is below the applicable federal minimum wage rates who worked at any time from three (3) years prior to the filing of the initial Complaint to the present within the United States.

51.     Plaintiff's FLSA claims (Counts I-II) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

52.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

53.     Plaintiff brings Count III, the MMWL claim arising out of Defendants' unlawful time-clock rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

      a.     MMWL Time-Clock Rounding Policy Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time from two (2) years prior to the filing of the initial Complaint to the present within the State of Missouri.

54.     Plaintiff brings Count IV, the MMWL claim arising out of Defendants' tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

      a.     MMWL Unlawful Tip Credit Class: All persons currently and formerly employed by Defendants in hourly positions paid a direct hourly wage that is below the applicable state minimum wage rates who worked at any time from two (2) years prior to the filing of the initial Complaint to the present within the State of Missouri.

55.     Plaintiff brings Count V, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

      a.     Unjust Enrichment / Quantum Meruit Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last five (5) years within the State of Missouri.

56.     Plaintiff's MMWL claims (Count III-IV), and unjust enrichment/quantum meruit claims (Count V), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

57.     These classes each number in the hundreds (or thousands) of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

58.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

  a. Whether Defendants violated the law when it failed to pay Plaintiff and class members for all hours worked;

  b. Whether Defendants had policies and practices of failing to compensate Plaintiff and class members for all time worked;

  c. Whether Defendants failed to pay Plaintiff and class members overtime compensation required under R.S.Mo. § 290.500 *et seq.*;

  d. Whether Defendants were unjustly enriched by virtue of their policies and practices with respect to Plaintiff's and class members' pay;

  e. Whether Defendants failed to properly inform their hourly employees being paid sub-minimum wage rates of the requirements for the tip credit;

  f. Whether Defendants willfully violated state and federal wage and hour laws; and

  g. Whether Defendants maintained a lawful timekeeping system.

59.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

60.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

61.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

62.     Plaintiff is an adequate representative because he is a member of each of the classes he seeks to represent, and his interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

63.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-II)

64.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

65. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

66. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

67. During all relevant times to this action, Defendants were the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

68. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

69. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

70. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

71. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

72. Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies. Upon information and belief, Defendants are applying the same unlawful compensation policies to all similarly situated employees in their casino properties nationwide.

13

73.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

74.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

75.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO ALL MMWL CLAIMS (COUNTS III-IV)

76.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

77. The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

78. The MMWL should be construed in accordance with its provisions and those of the FLSA. Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

79. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the class members within the meaning of the MMWL. R.S.Mo. §§ 290.500(3), (4).

80. During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

81. Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. R.S.Mo. § 290.502.1.

82. Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S.Mo. § 290.505.1.

83. Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here. R.S.Mo. § 290.500(3).

84. Plaintiff and the class members are victims of uniform and employer-based compensation policies. Upon information and belief, Defendants are applying the same unlawful

compensation policies to Plaintiff and the class members in their casino properties in the State of Missouri.

85. Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendants. R.S.Mo. § 290.527.

86. Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

87. Defendants are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action. R.S.Mo. § 290.527.

## COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendants' Unlawful Time-Clock Rounding Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

88. Plaintiff re-alleges the allegations set forth above.

89. Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

90. Specifically, as discussed above, Defendants utilize an unlawful time-clock rounding policy that, when combined with their attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

91. Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

92.     WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.      Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.      Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.      Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT II - FLSA (Unpaid Minimum Wages)

**Arising Out of Defendants' Tip Credit Notification Policy**

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

93.     Plaintiff re-alleges the allegations set forth above.

94.     Defendants violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

95.     Specifically, Defendants paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

17

96.     In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendants' use of the tip credit, of: (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

97.     Defendants failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

98.     As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

99.     Defendants' practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

100.    WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

        a.      Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.      Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c.      Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## <u>COUNT III – MMWL (Unpaid Overtime & Minimum Wages)</u>

**Arising Out of Defendants' Unlawful Time-Clock Rounding Policy**

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

101.      Plaintiff re-alleges the allegations as set forth above.

102.      Defendants violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

103.      Specifically, as discussed above, Defendants utilize an unlawful time-clock rounding policy that, when combined with their attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

104.      Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked. These policies resulted in Defendants failing to pay

Plaintiff and all other similarly situated employees all earned overtime wages. In addition, these policies resulted in Defendants failing to pay Plaintiff and all other similarly situated employees minimum wages for all hours worked.

105.　　WHEREFORE, on Count III of this Complaint, Plaintiff and the class members demand judgment against Defendants and pray this Court:

　　　　a.　　Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

　　　　b.　　Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

　　　　c.　　Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

　　　　d.　　Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

　　　　e.　　Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

　　　　f.　　Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT IV – MMWL (Unpaid Minimum Wages)

**Arising Out of Defendants' Tip Credit Notification Policy**

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

106.　　Plaintiff re-alleges the allegations as set forth above.

107.　　Defendants violated the MMWL by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

108.     Specifically, Defendants paid Plaintiff and all others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

109.     In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendants' use of the tip credit, of: (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

110.     Defendants failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations, which are controlling within the context of the MMWL.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b); 8 C.S.R. § 30-4.010.

111.     As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

112.     Defendants' practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the MMWL.

113.    WHEREFORE, on Count IV of this Complaint, Plaintiff and the class members demand judgment against Defendants and pray this Court:

      a.    Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

      c.    Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

      d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

      e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

      f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT V

### Unjust Enrichment / Quantum Meruit

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

114.    Plaintiff re-alleges the allegations set forth above.

115.    Defendants benefited from the unpaid work performed by Plaintiff and the Class prior to the start of their shifts and after their shifts.  Additionally, Defendants benefited by failing to pay their employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

22

116.    Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

117.    Defendants' acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

118.    WHEREFORE, on Count V of this Complaint, Plaintiff and the class members demand judgment against Defendants and pray this Court:

    a.    Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and the Class;

    c.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

    d.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  May 24, 2018     Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By: /s/ Ryan L. McClelland
   Ryan L. McClelland, MO Bar #59343
   Michael J. Rahmberg, MO Bar #66979
   The Flagship Building
   200 Westwoods Drive
   Liberty, Missouri  64068-1170
   Telephone: (816) 781-0002
   Facsimile: (816) 781-1984
   ryan@mcclellandlawfirm.com
   mrahmberg@mcclellandlawfirm.com

   ATTORNEYS FOR PLAINTIFF

24