IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHASEN R. RUSSELL, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 5:18-CV-06072-BCW |
| AFFINITY GAMING, A NEVADA CORPRATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Final Settlement Approval. (Doc. #47). The Court, being duly advised of the premises, and with Defendants having no objection, grants said motion.

(1) The capitalized terms in this Order have the same meaning as set forth in the Class Settlement Agreement ("Agreement") (Doc. #41-1) and its attachments unless stated otherwise;

(2) This Court has jurisdiction over the subject matter of this action, and jurisdiction over the Plaintiff, the Opt-In Plaintiffs, FLSA Class Members, Rule 23 Class Members, and Defendants;

(3) The terms of the Agreement are fair, reasonable, and adequate, and the litigation involves a bona fide wage and hour dispute;

(4) The settlement and the Agreement are the product of contested litigation and resulted from non-collusive, arm's-length negotiations;

(5) The form, content, and distribution method of the Court-approved Claim Forms attached to the Agreement constituted the best notice practicable to the Class Members under the

1

circumstances and satisfied the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process;

**(6)** Based on evidence and other material submitted in conjunction with the final approval hearing, the Claim Forms were adequate and were disseminated as previously approved by this Court. The documents informed Class Members of their rights to exclude themselves from the settlement, as well as their right to object to any aspect of the proposed settlement;

**(7)** The attorneys' fees provided for in the Agreement are reasonable in light of the work performed and results obtained;

**(8)** The requested Service Awards are reasonable and justified to compensate the Named Plaintiff and Opt-In Plaintiffs for their efforts, which inured to the common benefit of the Class Members. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Final Settlement Approval (Doc. #47) is GRANTED. The Court hereby finally approves the collective and class action settlement pursuant to the following, based on the settlement documents.

**(1)** The settlement is a fair, reasonable, and adequate compromise of a bona fide dispute under both the state common laws and wage and hour laws pled and the Fair Labor Standards Act. The terms set forth in the Agreement and its attachments are approved as being fair, reasonable, and adequate in light of the degree of recovery obtained in relation to the risks faced by the members of Class Members in litigating the claims. The FLSA Class Members and Rule 23 Class Members are properly certified as part of the settlement and the criteria for 216(b) and Rule 23 certification have been fully met. The relief provided to the Class Members under the Agreement is appropriate as to the individual members of the settlement classes, and as to the settlement classes as a whole.

**(2)** The releases and other terms contained in the Agreement and its related attachments to be fair, just, reasonable, and adequate as to the Plaintiff, Opt-In Plaintiffs, and Class Members.

**(3)** With respect to the Rule 23 Class, for settlement purposes, this Court finds and concludes that: (a) the members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class members, and there is a well-defined community of interest among the Rule 23 Class members with respect to the subject matter of this action; (c) the claims of the Plaintiff/Class Representative are typical of the claims of the Rule 23 Class; (d) the Plaintiff/Class Representative has fairly and adequately protected the interests of the Rule 23 Class; (e) Class Counsel is qualified to serve as counsel for the Plaintiff/Class Representative and the Rule 23 Class; and (f) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues.

**(4)** Solely for purposes of effectuating this settlement, this Court hereby finally certifies the two settlement classes, the FLSA Class Members and the Rule 23 Class Members, as defined in the Agreement and related documents.

**(5)** Pursuant to the Agreement, each Rule 23 Class Member who did not file a timely and completed exclusion opting out of the settlement has released all wage and hour claims of any type, including any overtime, minimum wage, unpaid wages, unjust enrichment, quantum meruit, any claims arising out of tips, the tip credit or tip notice, or other wage type claim whether under any statute or common law theory, including any claims under the Missouri Minimum Wage Act (the "Released Rule 23 Claims"). All such claims by all Rule 23 Class Members are fully, finally completely and irrevocably released and waived from the beginning of time through March 29, 2019. Rule 23 Class Members who failed to timely opt-out only retain their rights under the Fair Labor Standards Act to the extent applicable law prohibits those rights

from being legally released or otherwise subject to claim preclusion as a result of a Rule 23 Class Member's failure to opt-out. If not prohibited by applicable law, all Rule 23 Class Member's Fair Labor Standards Act claims are released. The list of Rule 23 Class Members whose claims have been released pursuant to the Agreement is attached as Exhibit A. The identity of the single Rule 23 Class Member who is excluded from the settlement is attached as Exhibit B.

**(6)** Additionally, pursuant to the Agreement, all Rule 23 Class Members who did not timely opt-out, and all FLSA Class Members who returned a Claim Form, have released the Released Parties from all wage and hour claims of any type, including the FLSA claims asserted in the Litigation (the "Released FLSA Claims"). The Released FLSA Claims include all FLSA claims of any type, including those for unpaid regular, straight time, minimum wage or overtime wages, any claims arising out of tips, the tip credit or tip notice, any related wage and hour and wage payment law claims, all derivative benefit claims (both ERISA and non-ERISA benefits, including 401(k) benefits or matching benefits, retirement benefits, and deferred compensation benefits), all claims under the Missouri Minimum Wage Act, the Colorado Minimum Wage Order, the Colorado Wage Act, Colorado Wage Equality Act, Colorado Minimum Wage Act, the Colorado Wage Claim Act, Nevada Revised Statutes Chapter 608, the Iowa Wage Payment Collections Act (Chapter 91A); the Iowa Wage Theft Act, any claims for wages of any type, including minimum wages under the Nevada, Colorado, Iowa or Missouri Constitutions, as well as any state or local wage and hour or unpaid wages type of claims, claims related to unjust enrichment and quantum meruit, interest on such claims, liquidated damages, penalties, and attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims, relating to Rule 23 Class Members' and FLSA Class Members' employment with any of the Released Parties from the beginning of time

through March 29, 2019. The list of Rule 23 Class Members who completed and timely returned a Claim Form is attached as Exhibit C. The list of FLSA Class Members who timely returned a Claim Form and opted in to the settlement is attached as Exhibit D.

**(7)** The Claims Administrator is directed to issue settlement payments to the participating Class Members in accordance with the terms of the Agreement.

**(8)** Payment of attorneys' fees and costs, and Service Awards requested shall be made in accordance with the terms of the Agreement.

**(9)** All settlement-related documents shall be filed and remain under seal.

**(10)** Without affecting the finality of the Settlement or this Order, this Court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration, and consummation, enforcement, and interpretation of the Agreement.

**(11)** This Action is hereby DISMISSED WITH PREJUDICE, and the Clerk shall enter final judgment dismissing the action with prejudice, for the Plaintiff, Opt-In Plaintiffs, and Class Members as set forth in the Agreement and without costs to any party, except to the extent otherwise expressly provided in the Agreement, having the fullest res judicata effect. This Court intends this Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

**(12)** The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

IT IS SO ORDERED.

DATED: <u>August 19, 2019</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT